UNITED STATES DISTRICT COURT
For the District Court of Rhode Island

| | |
|---|---|
| STEPHEN VOWELS,<br><br>    Plaintiff,<br><br>v.<br><br>L3 HARRIS TECHNOLOGIES, INC.,<br>F/K/A HARRIS CORPORATION,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:     C.A. No. 1:20-cv-387<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Now comes the Plaintiff Stephen Vowels ("Plaintiff") and hereby files the within Complaint against the Defendant L3 Harris Technologies, Inc. f/k/a Harris Corporation ("Defendant").

### PARTIES

1. Plaintiff is a resident of the Town of North Smithfield, State of Rhode Island.

2. Plaintiff was an employee of Defendant at its Massachusetts office.

3. Defendant is a Delaware domestic corporation with a principal office in Florida. Defendant is licensed to do business in Rhode Island as Harris Corp. It services most of the Emergency Management Agency equipment in Rhode Island.

### JURISDICTION AND VENUE

4. This action arises under the whistleblower protection provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A et seq. as well as under the whistleblower protection provisions of state law. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331. Ancillary jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. § 1367.

5. The Defendant has sufficient contacts with the Rhode Island forum to form the basis for the exercise of personal jurisdiction over it.

6. Venue is proper under 28 U.S.C. § 1391 because of the Defendant's contacts with the Rhode Island forum.

## FACTS COMMON TO ALL COUNTS

7. The Plaintiff worked for Defendant as a Major Account Manager in the Communication Systems business segment, Public Safety & Professional Communication Division of the Defendant for more than five (5) years.

8. Plaintiff was out on medical leave from September 2017 to February 2018.

9. While Plaintiff was on medical leave, Plaintiff's superior "booked" an order for over four million dollars ($4,000,000.00) worth of radios for the Massachusetts Bay Transportation Authority ("MBTA").  The MBTA was Plaintiff's customer.

10. However, the MBTA had not issued a purchase order for the subject radios.

11. Upon his return Plaintiff was pressured constantly by his superior(s) to obtain a purchase order from the MBTA for the subject radios.

12. Plaintiff filed an internal ethics complaint with Defendant in March 2018.

13. Jim Barry was the Defendant's investigator.  He was terminated by Defendant in May of 2018.

14. In April and May of 2018 the Plaintiff was constantly and continuously harassed and pressured by his superior(s) to "get the purchase order" from MBTA.

15. Not seeing any action by the Defendant, the Plaintiff filed a whistleblower complaint with OSHA.

16. The Defendant did shortly thereafter without just cause terminate the Plaintiff's

employment in retaliation for the Plaintiff having contacted a federal agency to correct the improper conduct of agents and employees of Defendant.

17. As a direct and proximate result of the Defendant's harassment and wrongful discharge of the Plaintiff, the Plaintiff has suffered a loss of income, has suffered grave and severe emotional distress, has been compelled to incur attorney's fees for the prosecution of his claims and has been otherwise injured.

**COUNT I – Retaliation in Violation of the Sarbanes-Oxley Act – 18 U.S.C. § 1514A**

18. Plaintiff restates and realleges paragraphs 1 through 17 as if fully set forth.

19. Defendant is covered under the Sarbanes-Oxley Act because Defendant is a company within the meaning of 18 U.S.C. § 1514A in that the company has a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l) or is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78o(d).

20. Plaintiff is covered under the Sarbanes-Oxley Act because Plaintiff is an employee within the meaning of 18 U.S.C. § 1514A.

21. Plaintiff timely filed a complaint with the United States Department of Labor, Occupational Safety and Health Administration (OSHA).

22. OSHA rendered findings of fact and conclusions of law in favor of Defendant.

23. Plaintiff timely filed an administrative appeal of that decision.

24. There has been no final determination.  More than 180 days have elapsed since the filing of the Plaintiff's complaint to OSHA.  The Plaintiff has therefore exhausted his administrative remedies.

25. Defendant is liable to Plaintiff under the Sarbanes-Oxley Act for its harassment

and wrongful discharge of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant in a sum sufficient to compensate him for all his injuries, losses and damages as a result of the Defendant's harassment and wrongful discharge of the Plaintiff, plus punitive damages, reasonable attorney's fees, expert's fees and costs.

### COUNT II – Rhode Island Whistleblower Act, R.I. Gen. Laws § 28-50-1 et seq.

26. Plaintiff restates and realleges paragraphs 1 through 25 as if fully set forth.

27. Defendant is liable to Plaintiff under the Rhode Island Whistleblowers Act, R.I. Gen. Laws § 28-50-1 et seq. for its harassment and wrongful discharge of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant in a sum sufficient to compensate him for all his injuries, losses and damages as a result of Defendant's harassment and wrongful discharge of the Plaintiff, plus punitive damages, reasonable attorney's fees, expert's fees and costs.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Plaintiff,
STEPHEN VOWELS,
By His Attorney,


/s/ S. Paul Ryan
S. Paul Ryan, Esq. (#2264)
201 Washington Road
Barrington, RI 02806
401-289-0184
spryan@eplaw.necoxmail.com